UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| KRISTIE A. JACOBS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:25-CV-56-ZMB |
| | ) | |
| FRANK J. BISIGNANO, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Kristie A. Jacobs brings this action under 42 U.S.C. § 405(g) for judicial review of the Social Security Commissioner's final decision denying her application for disability insurance benefits. Doc. 2. Because the Commissioner made no legal error and his decision is supported by substantial evidence, the Court affirms the denial of benefits.

## BACKGROUND

Jacobs applied for disability insurance benefits in December 2022, alleging that she had become disabled the prior year due to her psoriatic arthritis, fibromyalgia, and other conditions. Tr. at 14, 17. Her request was initially denied, and she subsequently requested a hearing. *Id.* at 113. Jacobs offered testimony in support of her application during a telephonic hearing before an Administrative Law Judge (ALJ). *Id.* at 14. Several weeks later, the ALJ issued a decision denying Jacobs's application. *Id.* at 27. Jacobs sought administrative review, but the Appeals Council confirmed the denial of benefits. *Id.* at 1.

In this action seeking review of the ALJ's decision, Jacobs contends that the ALJ erred by failing to properly address supportability and consistency when evaluating the recommendation of Dr. Collins, Jacobs's consultative examiner. Doc. 25 at 8–9. Specifically, Jacobs contends that the

ALJ cherry-picked statements about her "activities of daily living" from the record to construct the RFC assessment. *Id.* at 9–10. As a result, Jacobs claims, she was improperly found not to be disabled. *Id.* at 13–14. The Commissioner contends that the ALJ's decision should be affirmed because it was supported by substantial evidence on the record as a whole. Doc. 28 at 3–8. Jacobs did not file a reply brief within the specified time, *see* Doc. 8 at 2, meaning that the matter is now ripe for adjudication.

## LEGAL STANDARD

### I. Five-Step Test Applied by the Commission

When reviewing a claim under 42 U.S.C. § 405(g), the Commission applies a five-step sequential test. "If a claimant fails to meet the criteria at any step in the evaluation of disability, the process ends and the claimant is determined to be not disabled." *Teabeau v. Kijakazi*, No. 4:21-CV-703-NCC, 2022 WL 4598672, at *2 (E.D. Mo. Sept. 30, 2022) (quoting *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005)). "The claimant has the burden of proof to show she is disabled through step four," with the burden of production shifting to the Commissioner at Step Five. *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009). "The ultimate burden of persuasion to prove disability, however, always remains with the claimant." *Young v. Apfel*, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000).

The first step is an evaluation of whether the claimant is engaging in work activity and whether any such work constitutes "substantial gainful activity." 20 C.F.R. § 416.920(a)(4)(i).[1] If so, the claimant is not disabled. *Id.* Second, the Commissioner must examine the evidence to determine whether the claimant has a severe "impairment or combination of impairments which significantly limits claimant's physical or mental ability to do basic work activities." *Hurd v.*

[1] The same five-factor test applies to claims for disability insurance as well as supplemental security income. *Compare* 20 C.F.R. § 416.920 (setting out the test for SSI), *with* 20 C.F.R. § 404.1520 (same for DIB). For ease of reference, all citations of 20 C.F.R. § 416.920 should also be construed as cross referencing § 404.1520.

*Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citing 20 C.F.R. § 416.920(c)). Third, the Commissioner evaluates the severity of the impairment, and if the impairment crosses a threshold listed in the regulations, the claimant is disabled. 20 C.F.R. § 416.920(a)(4)(iii), (d).

Fourth, if the impairment is found to be severe but does not meet the threshold required for a presumptive finding of disability in Step Three, the Commissioner assesses the claimant's "residual functional capacity" (RFC) to perform sustained work based on the evidence in the record. *Id.* § 416.920(e), 416.945; *see also* SSR 96-8p, 1996 WL 374184 (July 2, 1996) (stating the SSA's policy interpretations regarding the RFC assessment). Following the determination of the claimants' RFC, the Commissioner assesses if the claimant can perform the requirements of their past relevant work. 20 C.F.R. § 416.920(f). If so, the claimant is not disabled. *Id.*

Finally, at Step Five, the Commissioner determines whether the claimant can make adjustment to other work, given the claimant's residual functional capacity, age, education, and work experience. *Id.* § 416.920(a)(4)(v). If so, they are not disabled. *Id.* Further, if a claimant reaches Step Five, the Social Security Administration must meet a limited burden of providing evidence "that other work exists in significant numbers in the national economy that [claimant] can do." *Id.* § 416.960(c)(2).

## II. Review of the Commissioner's Decision

The Court will affirm the Commissioner's decision "if the ALJ made no legal error and the ALJ's decision is supported by substantial evidence on the record as a whole." *Cropper v. Dudek,* 136 F.4th 809, 813 (8th Cir. 2025) (citation omitted). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Id.* "Whatever the meaning of 'substantial' in other contexts, the threshold for such

evidentiary sufficiency is not high." *Biestek v. Berryhill,* 587 U.S. 97, 103 (2019). "Substantial evidence means more than a mere scintilla." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009).

While the Court may "consider[] both evidence that supports that decision and evidence that detracts from that decision," it may not "reweigh the evidence presented to the ALJ" and must "defer[] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence." *Eder v. Kijakazi*, No. 4:22-CV-64-SEP, 2023 WL 2571531, at *3 (E.D. Mo. Mar. 20, 2023) (quoting *Renstrom v. Astrue*, 680 F.3d 1057, 1063–64 (8th Cir. 2012)). This deferential review means that the Court must affirm the decision even if "substantial evidence exists in the record that would have supported a contrary outcome." *Austin v. Kijakazi*, 52 F.4th 723, 728 (8th Cir. 2022) (citation omitted). In other words, the Court may "disturb the Commissioner's decision only if it falls outside the available zone of choice." *Id.*

**DISCUSSION**

Jacobs argues that the ALJ failed to adequately consider the supportability and consistency factors in discounting Dr. Collins's opinion. Further, she contends that the ALJ improperly weighed reports of Jacobs's "activities of daily living" (ADLs) to discount existing medical opinions when constructing the RFC. But upon review of the record, the Court finds that the ALJ's decision was supported by substantial evidence and thus affirms the denial of benefits.

There is no dispute that the ALJ addressed Dr. Collins' opinion, and that she expressly found it unpersuasive. Tr. at 24–25. But Jacobs alleges that the ALJ cherry-picked evidence of her ADLs to discount objective medical evidence, Doc. 25 at 11, and engaged in impermissible lay interpretation of the medical evidence, *id.* at 14. If not for those alleged errors, Jacobs believes she would have been found fully disabled. *Id.* at 14.

Jacobs is correct that an ALJ may not "cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding." *Hermanson v. Kijakazi*, 2023 WL 3624777, at *4 (D.N.D. Mar. 28, 2023) (citation omitted). But an "ALJ is not required to explicitly reconcile every conflicting shred of medical evidence." *Austin*, 52 F.4th at 729. When assessing a medical opinion, the ALJ must "explain how [s]he considered the supportability and consistency factors . . . in [the] determination or decision." 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). "Supportability" is an examination of how well the "medical evidence and supporting explanations presented by a medical source" support the medical opinions. *Id.* § 404.1520c(c)(1). "Consistency" is a measure of how well medical opinions from different sources match. *Id.* § 404.1520c(c)(2).

Here, the ALJ adequately considered the supportability and consistency of Dr. Collins' opinion in conjunction with prior administrative medical findings and Jacobs' self-reported ADLs. Dr. Collins opined that Jacobs could sit occasionally, stand occasionally, walk occasionally, and lift and carry 5 pounds, which according to the vocational expert's testimony, meant that she could not work. Tr. at 50, 719. But the ALJ discounted the findings as lacking support given Dr. Collins' own finding that Jacobs had "strength of 4/5 throughout," which the ALJ interpreted as "not support[ing] a lift/carry of only 5 pounds." Tr. at 25. The ALJ also noted that "the overall record, including daily activities, is reasonably consistent with limits of 5 pounds frequently and 10 pounds occasionally." *Id.* These findings reflect a clear consideration of the supportability and consistency factors which is further buttressed by the record. In particular, one of the prior administrative findings noted that "claimant presented with 4/5 strength throughout, which would not support a lift/carry of only 5#." Tr. at 93. As such, Jacobs' argument that the ALJ engaged in impermissible "lay interpretation of clinical metrics" fails. Doc. 25 at 14. While the ALJ did not cite directly to

this portion of the record when making her findings, the "failure to cite specific evidence does not indicate that it was not considered." *Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000). And while the ALJ's discussion of the supportability and consistency factors was brief, "brevity is not reversible error." *Cropper*, 136 F.4th at 815. Accordingly, the Court finds that the ALJ properly considered the supportability and consistency factors when constructing Jacobs's RFC.

Nor did the ALJ improperly weight positive evidence of her ADLs. Jacobs notes that an ALJ may not conflate "a claimant's ability to engage in sporadic, minimal daily tasks" into the ability to do "full-time competitive work." Doc. 25 at 13. But the ALJ's opinion makes clear that she considered the prior administrative medical findings along with Jacobs's self-reports as well as Dr. Collins's assessment. Tr. at 24–25. Moreover, she noted the slow intensification of symptoms, which she accounted for in fashioning a more beneficial RFC. *Id.* at 24. And the ALJ appropriately supported the discussion of Jacobs's medical symptoms with evidence of daily living, while acknowledging that many of the activities were only possible "on a good day." *Id.* at 23. These considerations distinguish the instant case from Jacobs's cited case, *Reed v. Barnhart*, which relied on the ALJ's failure to "consider the quality, frequency, and independence of these activities." Doc. 10 at 25 (citing 399 F.3d 917, 924 (8th Cir. 2005)).[2] An ALJ's RFC need only be "supported by some medical evidence of the claimant's ability to function in the workplace." *Combs v. Berryhill*, 878 F.3d 642, 646 (8th Cir. 2017). And this Court may not "reweigh the evidence presented to the ALJ." *Renstrom v. Astrue*, 680 F.3d 1057, 1064 (8th Cir. 2012). Because the ALJ's decision was supported by some medical evidence, the Court affirms the denial of benefits.

[2] If anything, the case upon which Jacobs rests most of her argument, *Cronin v. Saul*, 945 F.3d 1062 (8th Cir. 2019), undermines her argument, beyond some non-binding language in the dissent.

## CONCLUSION

Accordingly, because substantial evidence supports the Social Security Commissioner's conclusions, and there was no error in the application of relevant legal standards, the Court **AFFIRMS** the Commissioner's decision. A separate Judgment will follow.

So ordered this 8th day of September 2026.

ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE